Good morning. May it please the Court. I'm Linda Dalton on behalf of the appellants in this case. Excuse me. Is the amici arguing or not? It is my understanding that the amici has been provided three minutes according to the Court's order. But that's not in addition to the 15. They're not amici for me. They're for the other side. Oh, I'm sorry. Okay. Yes, they were up for the top here and I was just reading laterally. Never mind. No problem. The award in this case should be vacated for two reasons. First, it is undisputed that Family Pac did not disclose the value of legal services that it received in the course of this litigation or identify who paid for the costs and expenses. And second, the District Court erred in awarding fees where Family Pac included costs and fees for its appeal and its request and Family Pac did not provide the requisite adequate billing records that would allow a critical review of its claimed methodology and its request for fees for its limited and successful claim. The award of attorney's fees is not mandatory. It does have limitations. Those limitations include a determination of whether special circumstances exist and whether the request itself was reasonable both as to the hours requested and as to the billing rates. First, with regards to the special circumstance that the opponents have asserted in this case, we're asking the Court to look at the narrow, specific facts of this case and apply its test in determining that a special circumstance does in fact exist and warrants rejection of the attorney's fees request in its entirety. And the special circumstance is a failure to comply with this disclosure requirement? There's actually several facts that form the basis for determining both whether it furthers the purposes of 1988 and whether the balance of the equities weigh in favor of disallowing fees. Okay, so as to this one that I'm just touching on, because there's a fair amount of time spent on that in the briefing, am I correct that that provision has been, or enforcement of it has been enjoined in the state court? Only as to one of the amici's counsel in a separate case, which is based on very different facts than the facts that you have before you. And we're not actually asking the Court to adjudicate whether a violation of the statute has occurred. We're asking you to determine whether, based on the facts that you have before you, a special circumstance exists that would warrant rejection of the request. What's the strongest argument you have in favor of this special circumstance? The argument that we have, and I'm going to walk you through the facts as they exist. This is a very unusual case. You have a political committee who registered and selected its status as an ongoing political committee and acknowledged that it had an obligation to report its finances, both contributions and expenditures. You have a political committee who intentionally selected that status. It intentionally, it also understood what reporting meant and then did absolutely no reporting. It did not classify itself as a ballot measure committee. There was a ballot measure actually existing at the time that they filed the lawsuit and their status, but they said that they were going to be a continuing committee. And with that status comes the obligation to report. Family PAC, the district court recognized these reporting obligations in its order, and it is undisputed by Family PAC that, in fact, it's actually not addressed in any way, whether they felt they had an obligation to report. The issue about reporting of legal services in this context was not an issue in the appeal, the first appeal in this case, a different provision of the reporting responsibilities was, in fact, an issue. So this hasn't been a legal issue adjudicated through this appeal. So it is undisputed that they have not disclosed any of the value of any of the services or who may have been paying for their costs and expenses during the litigation. The billing records provide you the evidence to show that, in fact, they were receiving services. I was going to say something. Oh, okay. We've read the briefs, but go right ahead, but I wasn't going to say anything because I'm familiar with this. Okay. What also is important is local counsel in this case is, in fact, Family PAC. Mr. Backholm appeared in the case throughout the proceedings, including through the first appeal and through the attorney's fees request. He is also the campaign manager for Family PAC. Local counsel or, no, Mr. Bopp has also, in the billing records, identifies that they had done the research and reviewed all of the reporting and registration requirements for political committees in Washington. And it is against all of that information and without explanation about why they wouldn't report this information and they still, even into this briefing, don't explain why they didn't. But it is against that. They expressed no value to these services until such time as this court ruled in their favor on one limited claim. And at that point they came in and said, oh, no, we have value and we want to be compensated for that. In this case, in these set of facts, the state believes that a special circumstance does, in fact, exist. So could you address what the prejudice aspect is? To the state? Yeah. In paying the fee? The court hasn't ever talked in terms of what a prejudice might exist, but to the extent that you're balancing the constitutional issues and the constitutional rights that this court has already stated in the Human Life of Washington case, that the people of Washington have the right to know who is financing these committees, how these committees are spending their money, that type of thing. You've already acknowledged that there. And you balance that then against a political committee who picked its status, who picked what it was going to do, acknowledge their obligations, and then did not, you know, produce on those. And so you're balancing the expectation that the electorate with the right to know what an ongoing political committee is doing with then and being able to assume that when there's no reports, there's no activity. You're balancing that then against the demand to pay attorneys' fees in the amount that was requested here for the limited success. Are there any cases that have held that providing free legal services constitutes a contribution to an organization like this? The statute in this case identifies that these types, our disclosure statutes of reporting obligations describes that these would be the types of services that would be reported. These services like anybody, any other kind of like pro bono accounting services or advertising services, that those are reportable. And I think my question was, is there any case that so held? No, I don't think so. I don't think there is. So your special circumstance argument is based on the statutory language? The statutory obligations and their acknowledgement of those and their agreement to abide by those once they selected their status as an ongoing political committee. Thank you, Counsel. I got the impression you were arguing that the district court found that family PAC complied with the disclosure laws. It didn't so find. No, it didn't. What it did was it acknowledged that the reporting obligations existed, and then it went the next step that we believe to be the error, which is to say that the filing of the fee application that was the notice to the parties that mattered, which in that case it determined that was the defendants, which it certainly wasn't. I mean, the reporting obligation belongs to the people of Washington. So that's where we believe the court erred in then deciding that a special circumstance did not exist. So given the facts of this case, we would put to this court that that should constitute a special circumstance and that the fee award as a result should be vacated. But that's not the only reason the fee award should be vacated. The second reason is because family PAC, despite its burden of producing adequate documentation to support the methodology it used to calculate how its single limited successful claim should be compensated on an attorney's fees basis, has failed to do so. It identified a methodology that it used, and then it submitted billing records that, quite frankly, were incomprehensible to determine if the formula they selected really applied, had been applied to the billing records and the requests that they wanted. Additionally, the district court's order does not provide any real basis for some of the rejections that it engaged in. For example, the attorney's fees, the attorney billing rate, made no mention of the multiple declarations that were filed on behalf of members of the district to talk about what the market rate should be in these types of campaign finance disclosure types of cases. It simply relied without explanation on its own view of what the market rate was and a single declaration from a local council who had engaged in one type of case dealing with campaign finance. Counsel, is this an abuse of discretion standard? It is. It is. And we still believe that even with the deficiencies in the records and the deficiencies of the critical review that is required by the district court, that this district court did, in fact, abuse its discretion. You had quite a laundry list of complaints about the billing. Can you tell me what's your sort of in order of priority since it's an abuse of discretion standard? It would be helpful for me to know what you think were the most egregious errors. Probably starting with the billing rate because the billing rates. The hourly rate? I'm sorry. Yes, the hourly rate. Okay. Yes, the hourly rate. Because the evidence that was presented by the state contradicted the value of the rates applied by the court to the many attorneys who were involved in the case. Second, while these records are very difficult to go through because they demonstrate a charge for an item, a no charge for an item, and then subsequently another charge for an item. And we did the best we could with what we could parse through. There was a significant amount of billing related to things that are traditionally legal assistant work. And the district court essentially listed, I think, about six or seven or eight different items and dismissed consideration of the rest without comment, without explanation about why it would do that. Additionally, while it would reject the fees in one part of the bill, on another part of the bill it seemed to wholesale except the same conduct. So is this a separate complaint that you're making, that the judge's reasoning doesn't seem to be apparent or inconsistent? We're saying that the judge did not provide a critical review because he simply, on one hand, did not have the information, an adequate amount of billing information, and the documentation itself was so inadequate that he probably couldn't have done a critical review. But to the extent that he was provided a review that would give him guidance to at least suggest that a reduction in the amount of fees that were requested would be appropriate, he didn't do that either. Did you want to hold some time for a rebuttal? That's fine, I think. Thank you very much. So you can answer Apelli and the amicus. Thank you, Your Honors. My name is Noel Johnson, and I represent the Apelli family PAC, who was the plaintiff below. May it please the court. The district court did not abuse its discretion in this case in awarding reasonable attorney's fees to family PAC as a prevailing party in the Section 1983 case. In awarding those fees, the district court did not rely on any incorrect legal standards, and its findings, in fact, were not clearly erroneous, illogical, or implausible. The state here has not carried its burden before this court. It has produced no legal authority in support of its argument that the lower court applied an incorrect legal standard. Those are conclusions. We know that you're disagreeing, so you might get to the substance. Well, specifically with regard to the state's special circumstances argument, they have produced no legal authority, and I believe that they admitted none exists, that shows that a prevailing party's compliance with an unrelated state law acts as a litmus test for whether a prevailing party is entitled to receive fees under the governing statute, which is Section 1988. And so on that basis, the lower court, you know, did not commit an error in law in finding that in the Section 1983 case that family PAC was entitled to fees under 1988, and so the lower court did not err in rejecting the state's argument, especially where acceptance of the state's position in this case, as our amici explained, would present a host of constitutional problems and issues that require extensive factual and legal development. And I think further, as Justice Crispin pointed out, the state has been enjoined preliminarily from enforcing the very law that forms the basis of their special circumstances argument. As to the amount of the fee award, the lower court also did not abuse its discretion in finding that family PAC was entitled to fees for succeeding on the significant issue in this litigation, which was one of its two claims. What were the hourly rates that were charged for which the judge gave compensation? It was a range, depending on the experience of the attorney. So what was the range? The range ranged from approximately $150 to $450. And those rates were supported by evidence that this court has found is sufficient for the lower court to conclude that they are reasonable and comparable to the rates charged by attorneys. So forgive me, but that's another conclusion. And just to be specific, did the district court have anything more than there was a declaration? Opposing counsel is making the argument that she didn't understand the basis for disregarding the declaration she filed. But the district court did have a declaration from your client, right? In support of your fees bill. It had a declaration from an attorney who practices in the Western District of Washington and who has extensive experience with campaign finance litigation of this type. So a minute ago, I'm just trying to get you to flesh out the sentence to make sure I understand you. A minute ago you said that the court had support. It's the declaration that you're just referring to now, right? More than that, yes. Oh, what else did he have? It also had a declaration from Family PAC's prior counsel who also, while he does not practice in the relevant forum, he has extensive experience in this type of litigation. That's Mr. Bopp? Mr. Bopp, yes. So two declarations. Two declarations. We also submitted a rate survey. Did Mr. Bopp's declaration, sorry, forgive me for interrupting. I read Mr. Bopp's declaration, but maybe we're not talking about the same thing. Going back to Judge Gould's question about this range, this hourly range from $150 to $450, you had local counsel, a declaration from local counsel about that. He was not local counsel in this case, but he was a... A local practitioner. Right. Did Mr. Bopp provide an opinion about the local rates? He did not provide, no, not about the local rates, but about the type of litigation. Okay, that's consistent with my recollection. Thank you. And just to follow up there, just on top of the two declarations, we also submitted a rate survey that pertained to the State of Washington. Thank you. It showed that the requested rates, even on the high end, were within the nineth decile of rates charged in the local forum. And then just to round that out, Judge Layton used his own expertise. He's considered to be an expert on attorney rates in the relevant forum. Could I turn you to the... I'm not going to get in the weeds on the specifics of the dispute on individual amounts. We have those in the briefs. But one thing did catch my eye. Mr. Bopp has this statement in his declaration that his firm's practice is on travel to a bill, the standard 10 hours per day. Having practiced myself in civil litigation and gone through the evolution from Covington and Berlin's for services rendered bills back in the last century to close monitoring by corporate counsel who have hired us as lawyers where you had to justify each Xerox charge, billing 10 hours per day for travel falls within the range of problems with block billing. And the thing that caught my eye was that, as I understand it, when we heard oral argument on this case in Portland, Mr. Bopp billed a flat 10 hours per day for the day that he flew out here, 10 hours on the day that he argued. I think he only had at most an hour of argument, although he probably had to sit through as others do here, and I don't know what they're billing for while they're doing it. But then he also billed 10 hours on the following day. So how does that get justified? Well, I can't necessarily speak to whether Mr. Bopp recorded his time to account for that, and it may have as a declaration. Well, he clearly didn't because it's not in the record. His firm's practice is just billed a flat 10 hours per day. Right. And so that assumes he was working on this case all 10 hours. That's what we're supposed to assume. It doesn't, I think. And didn't bill anybody else at the same time. I did not accompany Mr. Bopp to his oral argument, but his justification in his declaration is that his work preparing for argument and traveling, which also includes an opportunity cost where he's unable to work and bill other clients, often exceeds 10 hours. I've always found I get really quality work done when I'm flying on the plane. But he says travel, review pleadings, review pleadings, prepare for oral argument, and then on the 17th just states travel. Now, I know that's nitpicking, but we have opinions in this circuit about the hazards of block billing. Certainly. And I would say that that evidence was presented to Judge Layton, as was the state's evidence in response. All right. Along those same lines, I think the lower court considered all of the evidence presented by both the state and Family PAC and found that it did not discredit or rebut the evidence Family PAC had submitted. And the state has not carried its heavy burden here of demonstrating that the lower court's factual findings with regard to the hours billed or the rates requested were clearly erroneous. And I think the lower court's award in that it awarded fees, roughly half the fees incurred for success on one of two claims, is consistent with Congress's intent that prevailing parties should be compensated fully for their successes in Section 1983 cases. You've asked for fees on this appeal. Why do you think it's a timely request at this point? Isn't that premature? I don't think it's premature. I think it is just alerting the court that we will be requesting those fees and we will follow up with that proper request. Thank you. And I think just in sum here that the standard of review here is an abuse of discretion and I don't believe that the district court committed any errors or abuses. If there are no further questions, I will proceed. Thank you, counsel. We appreciate it. We'll hear from Amicus Institute for Justice. Thank you, Your Honor. My name is Bill Maurer. I'm actually representing Institute for Justice, the American Civil Liberties Union, the Foundation of Washington, the Center for Competitive Politics, and the Freedom Foundation as amici in this case. And we are here specifically to address the special circumstances argument that the state has put forward. This is a classic 1983 case, Section 1983 case. But the PDC here is attempting to dictate when a prevailing party may receive fees by raising an idiosyncratic and unique interpretation of a Washington law that is not directly implicated in this case and one I might add has been recognized, an interpretation of that state law that has been preliminary enjoined by the state court in a different proceeding. According to the PDC, in a few minutes I will be making a massive political contribution to the Recall Dale Washam campaign when I argue before this court regarding the interpretation and constitutionality of a Washington state statute. That is clearly not the case, however. I will be making these arguments to vindicate rights guaranteed by the U.S. Constitution. Under Section 1983, when lawyers engage in this kind of activity, they're acting not just as advocates, but also as the chosen instruments of Congress in seeing that federal civil rights are protected. Nonetheless, if the PDC's view prevails, our advocacy on behalf of our clients this morning will be classified as a political contribution, subject to regulation and restriction by the Washington state. Moreover, going forward, the nonprofit status of any public interest law firm in the state of Washington that advocates on behalf of the federal civil rights of anyone involved in a campaign will place the nonprofit status of that organization in jeopardy. All of this so that the PDC can avoid paying fees to someone whose rights they have violated. But Congress gets to decide who pays fees in federal civil rights cases, not the PDC. If the PDC's view were to prevail, losing agencies would be able to dictate when fees are awarded by alleging violations of separate, unrelated laws. This court should decline the PDC's invitation to be the enforcer or first resort of Washington's disclosure of laws, and in doing so, take care not to include any language in its resulting opinion that, or we respectfully request that you not include any language in the resulting opinion that suggests that Family PAC has in fact violated any disclosure laws by vindicating its federal civil rights. This is because we have demonstrated that this would raise a host of constitutional problems that have not been fully briefed or explored in this proceeding. Significant questions of constitutional law should be litigated in full and not in happenstance in a case that does not directly raise the issue. Thank you, Your Honors. If you have any questions, I will finish with my presentation. Thank you, Mr. Moore. Thank you. No questions here. We will hear from the State on rebuttal from Ms. Dalton. I just have a few simple points to make, and then I will sit. First off, Family PAC made no real argument in support of opposing the special circumstance. This is a very unique set of circumstances, and we're asking the Court as it evaluates whether a special circumstance exists, it do so very narrowly on the facts of this case. Contrary to the position taken by the amici just now, it would be hard to figure out how his client would be required, his client in another proceeding would be required to record his time as a contribution. His clients here are not the recall Dilwasham Committee. And we would likewise ask that this Court not adjudicate an issue that has not been properly raised to it, despite the briefing from the amici on the issue. And finally, we would ask the Court as it evaluates the legitimacy of the District Court's order on fees to determine a couple of things. We appreciated Judge Fisher's questions about travel. It was difficult, having been there at the same time, it was difficult to understand how, and when questioned, got no response about how a third day of travel was ever appropriate, given the fact that we were done as the Court typically is done before noon on the day before. We would also point out that in the event that the Court were to agree an award, sustain the attorney's fees award on appeal, that Family PAC, in fact, did get paid under this order for its filing fee of the appeal. And that seems contrary to even the courts. If you were to read the court order on appeal, as they would suggest that the costs on appeal really were just the costs under Rule 39, they included and were awarded $455 for the filing of the appeal, the first appeal. So it's those kinds of details, those kinds of specific things, that lend to determining that the District Court's order was not critical. It did not hold them to the standard. It did not actually spend a great deal of time reviewing and made very specific small reductions in a situation where we believe that they should have made larger. So based on both of those issues, we would ask the Court to vacate the District Court's order on fees. And I thank you for your time. Thank you very much, Ms. Dahlman. We commend all three counsel for excellent arguments. They've been a lot of help to us. And the case of Family PAC v. Ferguson shall now be submitted.
judges: Fisher, Gould, Christen